UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARAWAY HOME, INC,

                Plaintiff,

   -against-

                                          23-cv-9756 (PKC)

                                          <u>ORDER</u>

SENSIO INC. d/b/a Made by Gather,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff filed this action on November 3, 2023.  (ECF 1.)  After receipt of a pre-motion letter from counsel for defendant setting forth in detail the basis for a motion to dismiss, plaintiff elected to seek leave to file a First Amended Complaint which the Court promptly granted.  (ECF 38.)

        Defendant filed a new pre-motion letter on January 24, 2024 directed to the First Amended Complaint, pointing out among other matters that New York General Business Law § 133 was inapplicable to the claims of trade dress infringement.  (ECF 42.)  At a conference on January 26, 2024, plaintiff confirmed to the Court that it did not wish to further amend the First Amended Complaint and the minute entry so indicated.

        Thereafter, defendant filed its motion to dismiss the First Amended Complaint. (ECF 58.)  Seven days later, plaintiff sought leave to further amend.  It said nothing about the General Business Law § 133 claim and indeed asserted that, with or without an amendment, its existing pleading was "sufficiently pled."  (ECF 63 at 3.)  Plaintiff also stated its desire to name

two additional defendants who were well known to it and expressly referred to in its initial

Complaint last November and in its preliminary injunction submissions.  (ECF 1 at ¶ 7.)  The

Court directed the plaintiff to file a marked-to-show-changes copy of the proposed Second

Amended Complaint.  (ECF 68.)  The marked copy reveals that, after putting the defendant to

the expense of briefing the issue, plaintiff now proposes to drop the General Business Law § 133

claim.  (ECF 72.)

The Court notes that plaintiff did not raise the specter of a preliminary injunction

motion until two months after the action was filed.  Indeed, the parties submitted a joint letter on

January 19, 2024 in compliance with this Court's Order that the parties identify "any

contemplated motions," and plaintiff stated to the Court, "None at this time."  (ECF 41.)  Six

days later, on January 25, plaintiff submitted a 13-page single-spaced letter outlining the basis

for a proposed preliminary injunction motion.  (ECF 43.)  No new information or event arising or

occurring in the interval between January 19 and January 25 was referenced in the January 25

letter.

The Court's principal task is to guide this action to a resolution in a manner that is

just, speedy, and inexpensive.  The remedies to thwart and deter dilatory tactics or false

statements to the Court are plentiful.

The Court will allow the filing of a Second Amended Complaint.  The motion to

dismiss the First Amended Complaint is deemed withdrawn and defendant's time to answer the

claims not previously answered is stayed pending a notice of appearance by the two newly-

named defendants and further Order of this Court.  The letter motion to quash the subpoena

served upon non-party Drew Barrymore is denied without prejudice given her prospective status

as a party to this action.

The Clerk is directed to terminate the letter motion to amend (ECF 63) as granted, the motion to dismiss (ECF 58) the First Amended Complaint as withdrawn without prejudice, and the letter motion (ECF 73) to quash the subpoena directed to non-party Barrymore as denied in view of her forthcoming joinder.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        April 12, 2024