UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARAWAY HOME, INC,

                Plaintiff,

   -against-

                                                                            23-cv-9756 (PKC)

                                                                              ORDER

SENSIO INC. d/b/a Made by Gather,

                Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff Caraway Home, Inc.("Caraway") asserts that defendant Sensio Inc. ("Sensio") waived the attorney-client privilege when Sensio's president submitted a declaration stating that "In fact, when [Sensio] engages in product design, one step that it takes is to work with legal counsel to ensure that it is not using any protected designs. This step was taken in connection with the BEAUTIFUL® product line's redesign."

          Sensio is correct as to the abstract proposition that no privilege is waived by merely asserting that an entity consulted with an attorney for the purpose of obtaining legal advice. But when a party relies on advice from its legal counsel to make a claim or defense, it places the legal advice in issue. In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008). The party making the claim of good faith waives the attorney-client privilege as to advice it received even if it expressly disclaims an intent to refer to the legal advice. United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)(The assertion by a party that he acted in a good faith as a defense to an accusation of fraud waives the attorney-client privilege as to legal advice he

1

received on the lawfulness of his prospective action even if he disclaims an intent to refer to the legal advice.)

Sensio has asserted in its answer that it engaged in no willful infringement, and this is not an "exceptional case" (ECF 61 at 108.). Caraway points out that in submissions to this Court, Sensio asserted that it acted in "good faith and with no intent to copy Caraway. . . ." (ECF 52 at 17.)

Before ruling on the waiver issue, the Court will require Sensio to state unequivocally in a letter filed on ECF by May 17, 2024 whether it intends to assert as a defense to any claim of infringement, willful infringement or "exceptional case" under either the patent laws or trademark laws that (1) it acted in good faith and (2) at any time relevant to its defense of good faith, it had received legal advice of or pertaining to the lawfulness of its actions.[1]

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 2, 2024

---

[1] The Court is mindful that its Order supersedes and accelerates the date for an election set forth in Local Patent Rule 10 and paragraph 14(d) of the CMO/SO (ECF 44).