

DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
www.dlapiper.com

Marc E. Miller
marc.miller@us.dlapiper.com
T  212.335.4500
F  212.335.4501

June 20, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Caraway Home, Inc. v. Sensio Inc. d/b/a Made by Gather, et al.*
      Case No. 1:23-cv-09756-PKC-SN (S.D.N.Y.)

Dear Judge Castel:

We represent Defendants in the above-referenced action and write pursuant to Rule 3(A) of Your Honor's Individual Practices and Rule 26(c)(1)(B) to respectfully request a protective order relating to Plaintiff Caraway Home Inc.'s ("Caraway") noticed deposition of Defendant Drew Barrymore for today, June 20, 2024. Defendants also seek to recover costs incurred in connection with this motion. The next conference before the Court is September 6, 2024 at 10:00 AM.

Since fact discovery commenced, Caraway has inundated Defendants with discovery demands: propounding **three hundred and twenty five** requests for production and twenty six interrogatories on Defendants, noticing four 30(b)(1) depositions, and serving three Rule 45 subpoenas on Defendant MBG's current and former employees. Defendants have timely responded to each request and interrogatory and are diligently working to produce responsive documents. Defendants have also diligently worked to accommodate Caraway's unreasonable demands to depose MBG's witnesses *before* MBG's document production is substantially complete. Caraway is deposing Myleen Hanlon (MBG's Director of Product Development) today, June 20, and Shawn Austin (MBG's President) on June 25,[1] and Defendants offered July 24 for Shae Hong (MBG's CEO) in the spirit of compromise, even though MBG believes Mr. Hong should be shielded from deposition under the apex witness doctrine. *See* Declaration of Matthew N. Ganas ("Ganas Decl.") ¶ 4, Ex. C at 1.

Handwritten annotation: *The deposition of defendant Barrymore is stayed pending further Order of the Court. SO ORDERED /s/ USDJ 6-25-24*

---

[1] MBG even offered to produce Mr. Austin on June 4. But Caraway rejected June 4, claiming it could not host the deposition at its counsel's office due to construction. In response, Defendants offered to host Mr. Austin's deposition on June 4 at DLA Piper's New York office, which is merely a few blocks from Caraway's counsel's office. Caraway also rejected this accommodation *without explanation*. *See* Ganas Decl. ¶ 4, Ex. C at 1-3, 5, 9. Mr. Austin was then forced to rearrange his schedule to accommodate Caraway's demand for a deposition in June.

Caraway has directed much of its voluminous and burdensome discovery demands to Ms. Barrymore—MBG's spokesperson, who has limited knowledge concerning the facts underlying Caraway's design patent and trade dress infringement claims. Since accepting service of Caraway's dilatory Second Amended Complaint on April 17, Caraway propounded on Ms. Barrymore **one hundred and forty** requests for production on May 1 and May 8, six interrogatories on May 3 and May 15, and a 30(b)(1) deposition notice on May 1.[2] Ganas Decl. at ¶ 2, Ex. A. Caraway served this deposition notice without making any attempt to engage with Defendants on mutually agreeable deposition scheduling during fact discovery. Instead, Caraway arbitrarily and unilaterally noticed Ms. Barrymore's deposition for June 20, 2024, more than a month before the July 24 fact discovery deadline, *see* ECF 14, and before it had deposed any of MBG's witnesses or received MBG's document production.

Defendants informed Caraway by email on May 15 that Ms. Barrymore was not available on June 20 due to a scheduling conflict. *See* Ganas Decl. at ¶ 3, Ex. B. Defendants informed Caraway again on May 16 that "all of [Caraway's] arbitrarily noticed dates [including Ms. Barrymore's] have been rejected," and that we "would confer with our clients regarding witness availability." *See* Ganas Decl. at ¶ 4, Ex. C at 15-17. The parties then conferred on May 22 regarding deposition scheduling, where Defendants informed Caraway again that Ms. Barrymore was not available on June 20. *See* Ganas Decl. at ¶ 5. Defendants did not refuse to produce Ms. Barrymore, but rather advised Caraway that more time was needed to work with her agents and representatives to provide an alternative, reasonable proposal considering her demanding schedule and various professional and personal commitments during the discovery period. *See id.; see also* ECF 74 (summarizing Ms. Barrymore's substantial professional and personal obligations).

Despite knowing *for over a month* that Ms. Barrymore was not available for a deposition today, and despite knowing that Defendants were working with Ms. Barrymore's team on an alternative, reasonable proposal, Caraway pretended as if the parties' communications never happened and that Ms. Barrymore would be appearing at its counsel's office for a deposition today. *See* Ganas Decl. at ¶ 6, Ex. D. Caraway even sent Defendants building security credentials for Ms. Barrymore and Defendants' counsel and likely also arranged for a court reporter and videographer to be present—*with full knowledge that this deposition was not happening today*. *See id.* This transparent effort to manufacture a discovery dispute and a contempt motion should be rejected in its entirety.

Caraway's uncooperative conduct in unilaterally selecting a deposition date for Ms. Barrymore and ignoring Defendants' communications that the deposition would need to be rescheduled was improper. Courts in this District recognize "that notices of deposition should be issued *only after* the parties agree on an available date." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 2020 WL 4034733, at *1 (S.D.N.Y. July 17, 2020) (emphasis added); *see also Eur. v. Equinox Holdings, Inc.*, 2023 WL 3098271, at *1 (S.D.N.Y. Apr. 25, 2023) ("[P]arties should cooperate to

---

[2] Caraway sought to depose Ms. Barrymore, as a non-party, even earlier. On February 16, 2024, Caraway requested leave to amend its First Amended Complaint to add Ms. Barrymore and Walmart as defendants. ECF 63, 72. While Caraway's request was pending, it served a Rule 45 subpoena on Ms. Barrymore before taking any party depositions, necessitating Ms. Barrymore's motion to quash and MBG's motion for a Protective Order, which the Court denied without prejudice. ECF 73, 77.

select a mutually convenient date for the deposition"). This rationale is consistent with Local Rule 26.4(a), which provides: "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Caraway has violated L.R. 26.4(a) by ignoring all communications making clear Ms. Barrymore is unavailable for a June 20 deposition, attempting to enforce its June 20 deposition notice anyway, and, most recently during the parties' June 19, 2024 meet and confer, concocting and threatening a baseless contempt motion if Ms. Barrymore does not appear for a deposition on the unilaterally noticed date.

Despite ample communication between the parties regarding Ms. Barrymore's unavailability on June 20, Caraway stated in the June 19 meet and confer that it has been under the impression that Ms. Barrymore would appear today because it has not yet received alternative proposed dates. *See* Ganas Decl. at ¶ 7. Caraway then demanded that Defendants provide Ms. Barrymore's availability for a deposition within the next two weeks by no later than 10:00 AM today, otherwise Caraway would file a contempt motion. *See id.* As explained to Caraway, Defendants are continuing to work with Ms. Barrymore's team to provide alternative and reasonable deposition proposals within the fact discovery period (we are working to have a proposal within the next 10 business days). *See id.* But Caraway's demand that Ms. Barrymore comply with its unilaterally imposed deadlines *or else*—absent any further room for negotiation or consideration of a witness's extremely busy schedule—is unreasonable, uncooperative, and abusive. As a result of Caraway's pressure tactics, Defendants are forced to anticipatorily seek a protective order regarding Ms. Barrymore's improperly noticed June 20 deposition date. *See Collector's Coffee,* 2020 WL 4034733, at *1 (noting that a pending motion for a protective order shields a party from sanctions should they resist appearing for deposition and ordering the parties to cooperate and agree on dates). Defendants request the Court grant this motion for a protective order regarding Ms. Barrymore's noticed deposition for today and order Caraway to comply with Local Rule 26.4(a) and cooperate with Defendants in scheduling a reasonable and mutually agreeable deposition on a date during the fact discovery period that accommodates Ms. Barrymore's schedule.

Because Caraway's unreasonable actions necessitated the instant motion for a protective order, Caraway should be ordered to pay Defendants for their reasonable attorneys' fees and costs incurred in bringing this motion as courts have "discretion under Rules 26(c) and 37(a)(5) to require the losing party on a motion for a protective order to pay the expenses incurred in relation to the motion." *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010). The Court has already warned Caraway that its "principal task is to guide this action to a resolution in a manner that is just, speedy, and inexpensive," and that "[t]he remedies to thwart and deter dilatory tactics…are plentiful." ECF 77. Caraway's abusive tactics and efforts to harass Ms. Barrymore continue to needlessly increase the cost of this litigation for Defendants and are impeding a just, speedy, and inexpensive resolution to this matter.

For the foregoing reasons, Defendants respectfully seek an order sanctioning Caraway for its abusive discovery conduct in the form of Defendants' reasonable attorneys' fees and costs incurred in bringing this motion. We thank the Court for its attention to this matter.

Respectfully submitted,

**DLA Piper LLP US**

*/s/ Marc E. Miller*

Marc E. Miller

*Attorneys for Defendant and Counter-Plaintiff Sensio Inc. d/b/a Made by Gather, and Defendants Walmart, Inc. and Drew Barrymore*

cc:   All Counsel of Record (Via E-filing)